## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## KANSAS CITY DIVISION

PARALLEL TOWERS III, LLC and )
CELLECTIVE SOLUTIONS, LLC, )
           )    Case No. 22-cv-02085
         Plaintiff, )
           )
v. )
           )
COUNTY OF OTTAWA, KANSAS et al )
           )
         Defendants. )

## SBA TOWERS V, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

Intervenor SBA Towers V, LLC ("SBA"), for its Answer to Plaintiff's First Amended Complaint ("Complaint"), states:

1.       SBA denies Paragraph 1 of the Complaint.

2.       SBA admits the location of the Proposed Tower as stated in paragraph 2 of the Complaint. SBA denies the remaining allegations in paragraph 2.

3-6.       SBA denies paragraphs 3-6 of the Complaint.

7.       Paragraph 7 of the Complaint is a statement of the relief sought, not an allegation of fact to which a response is required. To the extent a response is required, SBA denies Plaintiff is entitled to the relief sought.

8-9.       SBA is without sufficient information to admit or deny paragraphs 8-9 of the Complaint.

10-12.  SBA admits paragraphs 10-12 of the Complaint.

13-15.  SBA denies paragraphs 13-15 of the Complaint.

16.       SBA admits venue is proper if jurisdiction exists.



17-18.  SBA admits paragraphs 17 - 18 of the Complaint.

19-20.  In response to paragraphs 19-20 of the Complaint, SBA submits that the Kansas Siting Act speaks for itself.  Any description, summary or characterization of the Kansas Siting Act inconsistent with the terms thereof is denied.

21.    SBA is without sufficient information to admit or deny paragraph 21 as related to the context of the Proposed Tower in Ada, Kansas.  SBA admits that, generally, there is a high demand for wireless service and wireless communications facilities provide infrastructure to help meet that demand.

22-29.  In response to paragraphs 22-29 of the Complaint, SBA submits that the Telecommunications Act ("TCA") speaks for itself.  Any description, summary or characterization of the TCA inconsistent with the terms thereof is denied.

30-45.  SBA is without sufficient information to admit or deny paragraphs 30-45 of the Complaint.

46-50.  SBA admits paragraphs 46-50 of the Complaint.

51.    SBA admits AT&T has stated its intention to relocate its equipment from SBA's existing tower in Ada, Kansas to the Proposed Tower, but is otherwise without sufficient information to admit or deny paragraph 51 of the Complaint.

52.    SBA is without sufficient information to admit or deny paragraph 52 of the Complaint.

53.    SBA denies paragraph 53 of the Complaint in that the Application identifies Parallel Towers III LLC and Koch Family Revocable Trust-Joan Kloppenberg as the Applicants. Cellective Solutions is identified as a "Agent" of Parallel.

54.    SBA admits paragraph 54 of the Complaint.

55-56. SBA is without sufficient information to admit or deny paragraphs 55-56 of the Complaint.

57.     SBA admits AT&T has threatened to relocate its equipment from SBA's existing tower to the Proposed Tower, if approved, but otherwise denies paragraph 57 of the Complaint.

58-71. SBA is without sufficient information to admit or deny paragraphs 58-71 of the Complaint.

72.     SBA admits paragraph 72 of the Complaint.

73.     SBA admits the written denial dated January 31, 2022, Exhibit 5, which speaks for itself. Any description, summary or characterization of the written denial inconsistent with the terms thereof is denied.

## COUNT I – VIOLATION OF THE KANSAS SITING ACT

74.     SBA incorporates and restates its responses to the preceding allegations of the Complaint.

75-77. In response to paragraphs 75-77 of the Complaint, SBA submits that the Kansas Siting Act speaks for itself.  Any description, summary or characterization of the Kansas Siting Act inconsistent with the terms thereof is denied.

78.     Paragraph 78 is an abstract statement of law requiring no response. To the extent a response is required, SBA denies the allegations.

79-86. SBA denies paragraphs 79-86 of the Complaint.

## COUNT II – FAILURE TO SUPPORT THE DENIAL WITH SUBSTANTIAL EVIDENCE CONTAINED IN THE WRITTEN RECORD IN VIOLATION OF THE TCA

87.     SBA incorporates and restates its responses to the preceding allegations of the Complaint.

88.     SBA admits the quoted text is within the TCA.

89.     Paragraph 89 is an abstract statement of law requiring no response. To the extent a response is required, SBA denies the allegations.

90.     SBA denies paragraph 90 of the Complaint.

91.     SBA admits the quoted text is stated in the written denial.

92-104.     SBA denies paragraphs 92-104 of the Complaint.

## COUNT III – DISCRIMINATION AMONGST EQUIVALENT PROVIDERS IN VIOLATION OF THE TCA

105.     SBA incorporates and restates its responses to the preceding allegations of the Complaint.

106-107.     In response to paragraphs 106-107 of the Complaint, SBA submits that the TCA speaks for itself.  Any description, summary or characterization of the TCA inconsistent with the terms thereof is denied.

108.     SBA admits the special use application was denied, but is otherwise without sufficient information to admit or deny paragraph 108 of the Complaint.

109.     SBA admits its existing wireless communication facility is located at 1636 North 20th Road, Ada, Kansas, which is approximately ½ mile from the Proposed Tower location, but is otherwise without sufficient information to admit or deny paragraph 109 of the Complaint.

110-113.     SBA denies paragraphs 110-113 of the Complaint.

## COUNT IV – EFFECTIVE PROHIBITION OF WIRELESS SERVICES

114.     SBA incorporates and restates its responses to the preceding allegations of the Complaint.

115.     In response to paragraph 115 of the Complaint, SBA submits that the TCA speaks for itself.  Any description, summary or characterization of the TCA inconsistent with the terms thereof is denied.

116-118. Paragraphs 116-118 are abstract statements of law requiring no response. To the extent a response is required, SBA denies the allegations.

119-122.      SBA denies paragraphs 119-122 of the Complaint.

## COUNT V – DECLARATORY RELIEF

123.      SBA incorporates and restates its responses to the preceding allegations of the Complaint.

124-131.      SBA denies paragraphs 124-131 of the Complaint.

WHEREFORE, Intervenor SBA Towers V, LLC respectfully requests all relief requested by Plaintiffs be denied and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

SBA alleges the following affirmative defenses to Plaintiffs' claims:

1.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.      The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

3.      Count I of Plaintiffs' Complaint under the Kansas Siting Act is untimely and time barred for failure to file this action within 30 days of the January 24, 2022 denial of the application.

4.      Count I of Plaintiffs' Complaint is barred as a matter of law because the Kansas Siting Act does not apply to applications for siting of wireless communications facilities on private property.

WHEREFORE, Intervenor SBA Towers V, LLC respectfully requests all relief requested by Plaintiffs be denied and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

ROUSE FRETS WHITE GOSS
GENTILE RHODES, PC

By: _/s/ *Brett C. Randol*_____
      Greg L. Musil        KS #13398
      Brett C. Randol     KS #22794
      5250 W. 116th Place, Suite 400
      Leawood, KS 66211
      Phone: (913) 387-1600
      Fax: (913) 928-6739
      gmusil@rousep.com
      brandol@rousepc.com

      ATTORNEYS FOR INTERVENOR

## CERTIFICATE OF SERVICE

        I certify that on _____, 2022, I electronically filed the foregoing document using the CM/ECF system, which will send notice of electronic filing to the following:

_/s/ Brett C. Randol_