## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PARALLEL TOWERS III, LLC, and    )
CELLECTIVE SOLUTIONS, LLC,     )
                                 )

           Plaintiffs,          )

v.                             )   Case No.: 2:22-cv-2085-KHV-KGG

COUNTY OF OTTAWA, KANSAS, and   )
OTTAWA COUNTY BOARD OF      )
COMMISSIONERS,             )

           Defendants.      )
_____)

## <u>MEMORANDUM AND ORDER DENYING MOTION TO INTERVENE</u>

Now before the Court is SBA Towers V, LLC's (hereinafter "Movant" or "SBA")

Motion to Intervene. (Doc. 14.) Plaintiffs, Parallel Towers III, LLC and Cellective

Solutions, LLC (hereinafter "Plaintiffs") oppose the motion. Having reviewed the parties'

submissions, the Court **DENIES** the motion.

## <u>FACTUAL BACKGROUND</u>

Plaintiffs brought an action against Ottawa County and the Ottawa County Board

of Commissioners on March 1st, 2022, alleging Defendants wrongfully denied their

application for a special use permit to construct a telecommunications tower. (Doc. 4, at

2.) Plaintiffs further allege this denial violates the Kansas' Siting of Wireless

Infrastructure Act (hereinafter "Kansas Siting Act") and the Telecommunications Act of

1996. (*Id.*)

Movant is the owner of an existing tower and currently leases space on the tower to AT&T. (Doc. 14, at 2.) Movant alleges that AT&T engaged with Plaintiffs to propose a new tower near Movant's existing tower. (*Id.*) Movant believes this proposed tower is being pursued as a negotiating tool to force Movant to accept AT&T's desired lease terms. (*Id.*)

Movant wishes to intervene to protect its interests. It first argues for intervention as a matter of right. (Doc. 14, at 4.) It bases this on the alleged economic injury that could result from this case and its interest in this Court's ruling on the Kansas Siting Act issues. (*Id.*, at 4-5.) Movant then argues in the alternative that even if it does not have a right to intervene, permissive intervention is still appropriate. (*Id.*, at 5.)

Plaintiffs filed a response to this motion on June 24, 2022, opposing intervention. (Doc. 20.) They state that Movant lacks a cognizable interest in the subject matter of this case and that Movant's interests are adequately represented by Defendants. (Doc. 20, at 1.) Movant did not file a reply to this response, and the deadline for filing a reply has passed.

## ANALYSIS

### I.    Legal Standard

Federal Rule of Civil Procedure 24 allows two types of intervention: intervention as a matter of right pursuant to Rule 24(a), and permissive intervention pursuant to Rule 24(b). Under 24(a)(2), the movant must establish, upon a timely motion, that it "claims an interest relating to the property or transaction which is the subject of the action . . . the interest may as a practical matter be impaired or impeded; and . . . the interest may not be

adequately represented by existing parties." ***Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.***, 335 F.R.D. 330, 332-33 (D. Kan. 2020) (quoting ***Kane Cnty., Utah v. United States***, 928 F.3d 877, 890 (10th Cir. 2019)). If Rule 26(a) applies, the Court "must" permit intervention. Fed. R. Civ. P. 24(a). Historically, the Tenth Circuit has taken a "liberal approach to intervention [as a matter of right] and thus favors the granting of motions to intervene." ***W. Energy All. v. Zinke***, 877 F.3d 1157, 1164 (10th Cir. 2017).

Permissive intervention pursuant to 24(b), on the other hand, rests in the discretion of the trial court. The Court's discretion to grant or reject Rule 24(b) intervention is broader than that of Rule 24(a). ***United States v. Albert Inv. Co., Inc.***, 585 F.3d 1386, 1390 (10th Cir. 2009) ("We review the denial of a motion to intervene as a right de novo and denial of a motion for permissive intervention for an abuse of discretion.") According to the Rule, the Court "may permit" intervention to anyone who "is given a conditional right to intervene by a federal statute; or . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The Court, in exercising its discretion, must determine whether "intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

## II.     Intervention as a Matter of Right

Movant has first moved to intervene as a matter of right, citing its economic interests and its interests in this Court's interpretation of the Kansas Siting Act as justification. However, neither of these interests are cognizable interests that would

permit intervention as a matter of right, and Movant's interests are adequately represented by Defendants.

### A. Related Interest

The second element of Rule 24(a)(2) requires Movant to demonstrate that it claims an interest relating to the subject of the action. To satisfy this requirement, Movant "bears a minimal burden to show that it has an interest that could be adversely affected by the litigation." *Everest*, 335 F.R.D. at 333 (citing *Kane Cnty.*, 928 F.3d at 891). However, this interest must be direct, substantial, and *legally protectable*. *Almeda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 90 (10th Cir. 1996) (emphasis added).

Movant points to two interests that it believes warrant intervention. (Doc. 14, at 8.) Movant first claims that its economic and competitive interests may be impaired by the outcome of this litigation. (*Id.*) AT&T's relocation from Movant's tower is one of the primary reasons given in Plaintiffs' First Amended Complaint for why Plaintiffs wish to construct the proposed tower. (Doc. 4, at 15.) Movant claims that this relocation would give AT&T negotiating leverage as one of Movant's primary customers. (Doc. 14, at 2.) Given these factors, Movant believes that the loss of AT&T could result in substantial economic injury.

Movant's interest in its potential collateral economic injuries fail to meet the direct, substantial, and legally protectable standard. Movant believes it will suffer economic injuries if AT&T is allowed to move to the proposed tower, given the loss of income from AT&T and the potential bargaining power AT&T would gain over Movant. Thus, Movant wants to intervene so that it can benefit financially from the results of this

litigation. An interest of this nature does not satisfy the direct, substantial, and legally protectable requirement of Rule 24(a)(2). ***City of Stilwell, Okla. v. Ozarks Rural Elec. Corp.***, 79 F.3d 1038, 1043 (10th Cir. 1996). Movant is a mere interested bystander without a legal claim in the dispute. Simply, this sort of interest is not "legally protectable" under the Rule.

Movant then claims a significant interest in how this Court interprets the Kansas Siting Act. (Doc. 14, at 8.) The Kansas Siting Act has yet to be interpreted by any state or federal court, and therefore, would be a case of first impression. Movant claims that, as an operator of wireless support structures in Kansas, it has a unique interest in the Court's interpretation of the Kansas Siting Act. (Doc. 14, at 10.)

Movant's second claimed interest also fails to meet the direct, substantial, and legally protectable standard. Movant may support a certain interpretation of the Kansas Siting Act, but that does not give them the right to intervene. While Movant may be impacted by this Court's interpretation, so will every other operator of wireless support structures in Kansas. Allowing Movant to intervene on these grounds would mean that every other operator in Kansas could intervene as well. This "amicus" interest is neither unique nor legally protectable. Therefore, Movant lacks any legally protectable interest that would warrant intervention as a matter of right.

### B. Adequate Representation

Movant has not identified interests that would allow them to intervene as a matter of right in this case, and, even if it had, Movant would still not be able to intervene because it is adequately represented by the parties. An outside party is properly

represented "when the objective of the applicant for intervention is identical to that of one of the parties." ***Bottoms v. Dresser Indus., Inc.***, 797 F.3d 869, 872 (10th Cir. 1986).

In this case, both Defendants and Movant share the same goal of affirming the County's zoning determination. Movant argues that its economic interests differ enough from the County's interests in validating its zoning decisions that their goals diverge. However, the standard for adequate representation looks at the goals of the litigation, not the motivating interests. ***Tri-State Generation and Transmission Ass'n, Inc. v. New Mexico Pub. Reguls. Com'n***, 787 F.3d 1068, 1072-73 (10th Cir. 2015.) When the objectives of Movant and one of the parties is the same, representation is adequate. (*Id.*)

Defendants' goal in this case is for the Court to affirm the County's zoning decisions. Movant argues that its goal is to secure its economic interests and ensure its preferred interpretation of the Kansas Siting Act is established. (Doc. 14, at 10.) However, Movant seeks to achieve those stated goals by having the Court affirm the County's zoning decisions. Movant's economic interests are simply the motivation for that ultimate goal. Additionally, both Movant and Defendants are seeking a narrow interpretation of the Kansas Siting Act in opposition to Plaintiffs. (*Id.*, at 9.) Therefore, Movant is adequately represented by Defendants. The best evidence of this is the Movant's proposed pleading, which is nothing more than an "Answer" to Plaintiffs' claims against the Defendants.

In Movant's motion and attached pleadings, it does not seek any form of legally protectable relief. Its motion and attached pleadings allege no injury in fact or casual connection to any complained conduct. (Doc. 14.) The attached pleadings are simply an

answer to the First Amended Complaint. (Doc. 14, Exhibit A.) Plaintiffs have not brought any claims against Movant and Movant has no counterclaims or defenses of its own. Movant fails to point to any dispute that warrants its involvement in the case.

### III.    Permissive Intervention

Alternatively, Movant seeks permissive intervention under Fed. R. Civ. P. 24(b). Permissive intervention is at the Court's discretion and can be given when a claim or defense has a question of law or fact in common with the main action. *Stilwell*, 79 F.3d at 1043. Movant argues that its interest in this Court's interpretation of the Kansas Siting Act warrants permissive intervention because this interest shares a common question of law with the main action. (Doc. 14, at 10.) However, Movant's positions do not share a common question of law or fact with the main action.

Movant's attached answer to Plaintiffs' complaint simply admits or denies Plaintiffs' claims against Defendants. Since Movant has no claims of its own, it cannot possibly have claims that share a common question with the main action. Further, the defenses raised by Movant are defenses to claims against Defendants. Movant has no common claims or defenses because it has no claims and no claims have been brought against it. Therefore, Movant fails to satisfy one of the basic requirements for permissive intervention.

Even if Movant had claims that shared a common question with the main action, Movant would not be permitted to intervene. As outlined above, Movant's interests are adequately represented by the Defendants. *State Generation*, 787 F.3d at 1075 (denying permissive intervention based on the movant having adequate representation). Given the

7

lack of any distinct claims or defenses and Defendants' adequate representation of Movant's interests, permissive intervention will not be granted.

## IV.    Conclusion

Movant seeks intervention as a matter of right and, in the alternative, permissive intervention. Movant does not have a right to intervene because it lacks a related interest and is adequately represented by the Defendants. Further, this Court will not permit intervention because Movant lacks any claim or defense that has a common question of law or fact with the main action and Movant is adequately represented by the Defendants. Movant is not permitted to intervene as a party to serve as a mere cheerleader supporting the Defendants. It may do this from the sidelines. The Court **DENIES** Movant's Motion to Intervene.

**IT IS SO ORDERED**

Dated at Wichita, Kansas, on this 25th day of July 2022.

/s KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge